ROGERS *v.* CITY OF JACKSON.

1. HIGHWAYS AND STREETS—STATE ROAD—MUNICIPAL CORPORATIONS.
   Portion of State road remained State road after being taken into city.

2. SAME—POWER TO VACATE STATE ROADS DELEGATED TO MUNICIPALITIES.
   The legislature has power as to vacating State roads, and delegated said power to cities, villages, and boards of supervisors (1 Comp. Laws 1915, §§ 2288, 4313, 4570).

3. SAME—STATUTES.
   The statute (Comp. Laws Supp. 1922, § 4379[2]), giving State highway commissioner full charge and control over State roads did not repeal sections 4570, 2288, 4313, 1 Comp. Laws 1915, so as to charge him with care of State roads then being cared for by township highway commissioners or county boards or municipalities, nor was the right to vacate State road expressly given to State highway commissioner.

4. SAME—POWER OF CITY TO VACATE PORTION OF STATE ROAD.
   Under its charter and 1 Comp. Laws 1915, § 4570, city has power to vacate portion of State road within city limits.

5. SAME—VACATION PROCEEDINGS—PARTIES—NOTICE.
   Right to vacate portion of State road within city limits having been delegated to city (1 Comp. Laws 1915, § 4570), it could exercise said power without notice to State highway commissioner; no statute requiring such notice; nor is State necessary party to vacation proceedings, or entitled to notice thereof.

6. SAME—STATE TRUNK LINE EXTENDS ONLY TO CITY LIMITS.
   State trunk line highway laid out and established by State highway commissioner on authority of Act No. 350, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4359[21]) ''through'' certain municipalities ''to'' certain city, extended only to city limits.

Appeal from Jackson; Parker (James S.), J., presiding. Submitted June 5, 1930. (Docket No. 28, Calendar No. 34,814.) Decided June 27, 1930. Rehearing denied October 3, 1930.

Bill by Clarence McCain and others against the City of Jackson, Frank F. Rogers, State highway commissioner, and others to restrain vacation of a portion of a highway alleged to be a State highway. Cross-bill by Frank F. Rogers, State highway commissioner, against the City of Jackson and others to restrain obstruction of a State highway. Bowen E. Schumacher and others intervene as party defendants to the cross-bill. From a decree on rehearing for cross-plaintiff, defendants and intervening defendants appeal. Reversed.

*Wilber M. Brucker,* Attorney General, *Paul G. Eger,* Assistant Attorney General (*Frank L. Blackman,* of counsel), for cross-plaintiff Frank F. Rogers, State highway commissioner.

*Don T. McKone,* for defendants City of Jackson and others.

*Whiting & Kleinstiver,* for intervening defendants.

CLARK, J. For the purpose of this opinion, Frank F. Rogers, State highway commissioner, who filed answer and cross-bill, may be said to be plaintiff.

The relief prayed is that the city of Jackson and other defendants be restrained from erecting barriers, curbs, and gutters across Spring Arbor road, so-called, and from doing any act or acts to interfere with public travel on the road. Plaintiff had decree. Defendants have appealed.

The road, formerly known as Washtenaw State road, later as Franklin road or Spring Arbor road, is and for nearly 90 years has been a State road. The portion in question is between Franklin and Brown streets, and now within the limits of the city. It remained State road after being taken into the city. *Allen* v. *Rogers,* 246 Mich. 501. Plaintiff contends, too, that it was a part of State trunk line system. On December 27, 1927, the city commission, having a petition in accordance with the city charter to vacate the portion of the road in question and consent of all property owners of land abutting on such portion, adopted a resolution of vacation as prayed. Thereafter steps were taken to give it full effect. The city bases its right to vacate on its charter and on section 4570, 1 Comp. Laws 1915, then in force (see Act No. 274, Pub. Acts 1929), quoting:

"All State roads which now are or hereafter may be within the corporate limits of any city or village within this State, shall be under the supervision of the common council or board of trustees of such city or village, with power to control, vacate or alter such roads within their corporate limits."

Sections 2288 and 4313, 1 Comp. Laws 1915, provide of vacating, altering, or discontinuing State roads by boards of supervisors, and by section 4313 the commissioners of highways of the several townships are charged with care of such roads.

The legislature has power as to vacating State roads. *People* v. *Supervisors of Ingham County,* 20 Mich. 95. It delegated the power to cities, villages, and boards of supervisors.

By Act No. 24, Pub. Acts 1919 (Ex. Sess.), as amended by Act No. 367, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4379[2]), it was provided:

"The State highway commissioner is hereby invested with full charge and control over roads heretofore or hereafter built or maintained by the State."

This statute did not expressly repeal sections 4570, 2288, and 4313, above cited, nor did it repeal them by implication. It is true that full control, strictly construed, in the State highway commissioner, leaves no control elsewhere. But it is certain that the legislature did not intend to charge the State highway commissioner with care and maintenance of all old State roads then being cared for by township highway commissioners or county boards or municipalities. The right to vacate a State road was not expressly given to the State highway commissioner. Public convenience requires the right to be existing and available. The legislature had right of control over State roads. The control it gave to the State highway commissioner must be measured by the scope of his office. We conclude the right to vacate the road in question was in the defendant city.

It is contended that notice of the proposed vacation of the old State road ought to have been given to the State highway commissioner, and that as this was not done the vacation is void. The right to vacate had been delegated to the city. It might exercise it as delegated. No statute required such notice.

Upon reading these vacation statutes, above cited, and reviewing cases which have arisen thereunder, it is plain that the State was not a necessary party to such a proceeding. Nor was notice to it required. Essentially, the contention is that a State road might not be vacated without the consent or approval of the State highway commissioner. If the

legislature intended such radical change and restriction of the right to vacate, we think it would have expressed itself accordingly. The contention is not sustained.

Technical objections are urged against the vacation proceeding, which are now of little interest in view of the repeal of these vacation statutes by Act No. 274, Pub. Acts 1929. A consideration of them does not affect the result. It is also urged that, as the portion of the road in question had been made, by order of the State highway commissioner, a part of the State trunk line system, the city could not vacate, at least without notice to him, in effect without his consent.

Counsel for defendants argue that a State trunk line enjoyed no statutory immunity from vacation, and that, in any event, the road was not a part of the State trunk line system. We dispose of the question on the latter ground.

Counsel for plaintiff contend the order of the State highway commissioner, purporting to make the portion of the road a part of a State trunk line, is authorized by Act No. 213, Pub. Acts 1923, and by Act No. 350, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4359[21]).

Act No. 213, Pub. Acts 1923, is amendatory of what is known as the Covert act (section 4671 *et seq.*, 1 Comp. Laws 1915), and is not here applicable, this not being a Covert road. The order of the State highway commissioner was made expressly on authority of Act No. 350, Pub. Acts 1921 (Comp. Laws Supp. 1922, § 4359[21]), pertinent part of which is:

"The State highway commissioner is hereby authorized, empowered and directed to lay out and establish a trunk line highway from a point on the

boundary line between the States of Michigan and Indiana southwest of Mottville on the Elkhart road, thence through Mottville, White Pigeon,  *  *  * to Jackson in Jackson county. The location of said road between the various towns, villages and cities above named shall be determined by the State highway commissioner and the local highway authorities having jurisdiction over the section of the road involved.''

Plaintiff argues that ''to Jackson'' means to the compact part of the city, not merely to the city limits. A reading of legislation of the time relative to such roads indicates a purpose to improve rural roads as distinguished from urban roads, and a reading of this act and other like acts shows that the word ''through'' was used merely to describe the line or direction of the road. Provision was made for laying out the road only between the cities and villages named. We think the route as fixed ended at the city limits.

It is not contended that this was a part of the trunk line mileage authorized by Act No. 12, Pub. Acts 1925, and we may not assume that it was.

On the record before us, it must be held that the road was not a part of the State trunk line system. No other matter calls for discussion.

Reversed. Plaintiff's cross-bill is dismissed. The matter is of public interest, so no costs are allowed.

WIEST, C. J., and BUTZEL, MCDONALD, SHARPE, NORTH, and FEAD, JJ., concurred. POTTER, J., did not sit.